**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ARRIYANNA PATTON,

    Plaintiff,

      v.

NATIONAL JOURNAL LLC, *et al.*,

    Defendants.

Civil Action No. 25-4223 (JEB)

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

*Pro se* Plaintiff Arriyanna Patton alleges that she faced employment discrimination from the two entities she sues here: National Journal Group, LLC, and Gravity Research, LLC. The trouble is that the latter may not exist, at least not as a freestanding entity. These Defendants submit that "Gravity Research" is an unincorporated business unit that operates within National Journal Group, LLC, Patton's former employer. That mismatch between caption and corporate reality appears largely responsible for bringing the matter to its present stage: whether to set aside an entry of default against Gravity Research, LLC. Finding that Defendant has met the "good cause" standard for success, the Court will grant its Motion.

## I.    Background

In December of last year, Patton filed a Complaint against National Journal and Gravity Research, asserting four counts of employment discrimination under Title VII of the Civil Rights Act of 1964. <u>See</u> ECF No. 1 (Compl.), ¶¶ 1–38. She generally alleges that her former employer treated her worse than her non-Black colleagues, retaliated against her for advocating for a Black colleague, subjected her to a hostile work environment, and constructively discharged her

1

because she is Black.  Id.  Whether for that reason or another, her employment with National

Journal indeed ended in September of 2023.  Id., ¶ 86; ECF No. 4 (Answer), ¶ 86.  In its March

2026 Answer, Patton's former employer denied not only the bulk of her allegations but also the

existence of Gravity Research, LLC, as a legal entity.  See Answer at 1.  Magistrate Judge G.

Michael Harvey then ordered Plaintiff to file proof of service on Gravity Research, LLC, by May

1.  See Minute Order of Apr. 1, 2026.  Plaintiff in turn attempted to follow the service provisions

of the D.C. Code, which lets parties serve an entity whose registered agent cannot be located by

having D.C.'s mayor relay the documents to its principal place of business or last known address.

See D.C. Code § 29-104.12(d).  As a result of that process, National Journal received a certified

letter on May 13 at its New Hampshire Avenue address from D.C.'s Department of Licensing

and Consumer Protection purporting to serve "Arriyanna Patton vs Gravity Research."  See ECF

Nos. 13-1 (Mot.) at 3–4; 13-3 (Declaration of Kevin Turpin II) at ECF p. 5.

On May 29, one day after a status conference that seemingly produced little clarity on the

matter, Plaintiff requested, and the Clerk of the Court entered, default against Gravity Research,

on the basis that it had ignored its obligation to respond to the Complaint within the 21 days

afforded by Federal Rule of Civil Procedure 12(a).  See ECF Nos. 10 (Aff. Default) at 1; 11

(Entry of Default).  Defendant has now filed a Motion to Set Aside the Entry of Default under

Federal Rule of Civil Procedure 55(c).

## II.     Legal Standard

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause."  A court

must exercise its discretion in making such a determination, but in this Circuit, "strong policies

favor resolution of disputes on their merits."  Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir.

1980).  "In exercising its discretion, the district court [considers] 'whether (1) the default was

2

willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'"

Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting Keegel v. Key West &

Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980)).

III.    **Analysis**

In moving to set aside the default, Defendant maintains that it prevails on each prong.

First, Gravity Research does not seem to have fallen willfully into default.  "The boundary of

willfulness lies somewhere between a case involving a negligent filing error, which is normally

considered an excusable failure to respond, and a deliberate decision to default, which is

generally not excusable."  Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W.

Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003).  Patton's primary contention on the

willfulness factor is that Gravity Research had "actual notice" of the suit.  See ECF No. 17

(Opp.) at 3.  "[C]ourts," however, "have refused to find willfulness where service of process was

defective."  Mohammad Hilmi Nassif & Partners v. Republic of Iraq, 2020 WL 1444918, at *20

(D.D.C. Mar. 25, 2020); see Darby v. McDonald, 307 F.R.D. 254, 257 (D.D.C. 2014) (no

willfulness despite defendant's notice of suit where plaintiff "ha[d] not rebutted the allegation of

improper service and ha[d] not provided proof of proper service").

On Plaintiff's preferred timeline, Gravity Research owed her an answer by May 21

because the D.C. government effectuated service on April 30, proof of which she filed a few

days later on May 4 by docketing the Service of Process Action form sent by the D.C.

government to National Journal.  See ECF No. 9 (Return of Serv./Aff.).  On Defendant's

chronology, conversely, process was not effective before May 13, when it says it received the

papers by mail, giving it until June 3 to answer.  See Mot. at 1–2.  When the clerk entered default

on May 29, therefore, Defendant thought it still had five days to respond.  Id.  And that assumes

3

process was effective at all, which is not clear given outstanding questions about Gravity

Research's capacity to be sued. Id. at 6.

The Court need not decide whether service defects drag down Patton's attempt to sue

Gravity Research because any mistake on Defendant's part stemming from this confusion is far

closer to a "negligent . . . error," Int'l Painters, 288 F. Supp. 2d at 26, than an "egregious

disregard of its obligations." United States v. Speqtrum, Inc., 2011 WL 13273346, at *1 (D.D.C.

May 19, 2011); see also ECF No. 18 (Reply) at 2 ("Gravity Research reasonably and in good

faith operated based on a June 3, 2026, deadline to respond . . . ."). That Defendant, furthermore,

"promptly filed a motion to set aside default once it learned of the default filed against it" also

counts in its favor. Kaul v. Fed'n of State Med. Bds., 2021 WL 1209211, at *6 (D.D.C. Mar. 31,

2021); compare Entry of Default (docketed Friday, May 29, 2026), with ECF No. 13 (Mot.

Filing) (filed Tuesday, June 2, 2026). Gravity Research thus pulls the first factor toward it.

So, too, the second factor. When it comes to prejudice to the plaintiff, "[t]he issue is not

mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of

discovery, or an enhanced opportunity for fraud or collusion." KPS & Assocs., Inc. v. Designs

by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003) (quotation marks omitted). With this case in its

infancy and discovery not yet begun, Plaintiff is safe from these dangers. Her other concerns

about "nullify[ing her] efforts" to serve Defendants and "increased litigation expense," Opp. at 6,

are "part and parcel of litigation," not prejudice. Cap. Yacht Club v. Vessel AVIVA, 228 F.R.D.

389, 394 (D.D.C. 2005). And while Plaintiff also recites concerns that "delay increases the risk

of diminished witness recollection" and "evidentiary complications," she does not explain what

witness or evidentiary problems she fears or why they are a risk in this specific case, particularly

at this early stage. See Opp. at 6.

4

The final factor also favors setting aside the default because Gravity Research asserts meritorious defenses. Each relates, unsurprisingly, to the status of Gravity Research, LLC — as an entity capable of being sued (questionable), as an employer under Title VII (disputed), and as a target of the Equal Employment Opportunity Commission administrative charge required before filing suit under that statute (unnamed). See Mot. at 6–8. Plaintiff counters that these defenses are insufficiently supported, demanding that Gravity Research supply a host of business records to prove them. See Opp. at 4. The bar Gravity Research must clear under factor three, however, is far closer to earth: a "[d]efendant['s] allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Keegel, 627 F.2d at 374 (internal quotation marks omitted). The defenses asserted here meet that standard.

With all three factors going Defendant's way, the Court will grant its Motion. It also declines Patton's request for "limited discovery concerning the relationship between Gravity Research and National Journal before ruling" on the Motion. See Opp. at 7. With the entry of default set aside, Plaintiff may seek this information in the normal course of discovery.

## IV.   Conclusion

For the foregoing reasons, the Court ORDERS that:

1) Defendant's Motion to Set Aside the Clerk of the Court's Entry of Default is GRANTED;

2) The Default is VACATED; and

3) Defendant Gravity Research, LLC, shall respond to the Complaint by August 3, 2026.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 20, 2026