**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ARRIYANNA PATTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONAL JOURNAL GROUP, LLC, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 25-4223 (JEB)** |

**MEMORANDUM OPINION**

Plaintiff Arriyanna Patton brings this *pro se* action against National Journal Group, LLC and Gravity Research, LLC for violations of Title VII of the Civil Rights Act. She alleges that Defendants subjected her to unequal treatment and that her race was a motivating factor in such treatment and her subsequent termination. Gravity Research now moves to dismiss the Complaint on several grounds. Because Defendant is *non sui juris* — *i.e.*, not an entity capable of being sued — the Court will grant the Motion.

## I. Background

The Court draws on the facts as pled in the Complaint, taking them to be true. See Animal Def. Fund v. Vilsack, 111 F.4th 1219, 1223 (D.C. Cir. 2024). It also considers additional facts set forth in the undisputed documents attached to the Motion that are integral to the claim, as well as matters of which it may take judicial notice, which it may do without converting the Motion into one for summary judgment. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997); Pernice v. Bovim, 2015 WL 5063378, at *3

(D.D.C. Aug. 26, 2015) (explaining that courts may consider documents attached by defendant to motion to dismiss "if they are integral to its claim, they are referred to in the complaint, and their authenticity is undisputed").

Patton is a Black woman who was employed with National Journal Group as Director of Partnerships and Strategy at its in-house division called Gravity Research starting in November 2022. See ECF Nos. 1 (Compl.), ¶¶ 39, 44; 23 (Opp.) at 7. She alleges that she was first subjected to unequal treatment during her hiring process, when despite having comparable qualifications to a non-Black male employee who previously held the same role, she was "initially offered a downgraded title and salary." Compl., ¶¶ 51–53. On multiple occasions thereafter, Plaintiff raised concerns about unequal treatment, including "an unequal workload, black employees being historically singled out at the company, and black employees being afraid to speak out about these issues due to fear of retaliation." ECF No. 1-1 (EEOC Charge) at 1. Patton alleges that raising such concerns resulted in "increased scrutiny and hostility from management," culminating eventually in her termination. See Compl., ¶¶ 65, 86.

Seven months later, Plaintiff filed a Charge of Discrimination with the EEOC, accusing National Journal of subjecting her to unequal treatment on several occasions and retaliating when she raised concerns about the same. See EEOC Charge at 1–2. The EEOC issued a Notice of Right to Sue on September 7, 2025. Id. at 3–4 (Notice of Right to Sue). Having received that Notice, Patton filed the current action on December 4, 2025, which asserts four counts under Title VII: (1) race discrimination; (2) retaliation; (3) hostile work environment; and (4) constructive discharge. See Compl., ¶¶ 1–38. Gravity Research now moves to dismiss on a number of grounds.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." St. Francis Xavier Parochial Sch., 117 F.3d at 624. The court must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." Animal Legal Def. Fund, 111 F.4th at 1223 (citation omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). *Pro se* litigants are held to a lower standard, as the court must consider and accept as true the allegations in both their complaint and opposition to a motion to dismiss. See Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d. 146, 152 (D.C. Cir. 2015).

## III. Analysis

In seeking dismissal of Plaintiff's Title VII claims, Gravity Research raises several issues relating to service, administrative exhaustion, its status under Title VII's definition of "employer," and its apparent non-existence as an independent legal entity. See ECF No. 21 (MTD) at 6–10. The Court need only consider Defendant's position that it is not an entity capable of being sued.

Under D.C. law, "unincorporated divisions of a corporation lack legal capacity to be sued." Smartdoor Holdings, Inc. v. Edmit Indus., Inc., 78 F. Supp. 3d 275, 277 (D.D.C. 2015) (quoting EEOC v. St. Francis Xavier Parochial Sch., 77 F. Supp. 2d 71, 75–76 (D.D.C. 1999), aff'd, 254 F.3d 315 (D.C. Cir. 2000)). This principle is grounded in a pragmatic rationale: unincorporated divisions do not own any assets apart from those owned by the corporation. Id. Such divisions are *non sui juris* — that is, not suable entities. See Blue v. District of Columbia, 850 F. Supp. 2d 16, 22 (D.D.C. 2012).

In support of its position, Defendant refers the Court to D.C.'s corporate-registry information regarding National Journal, comparing it with the absence of such information for Gravity Research. See MTD at 4–6; see also ECF Nos. 21-2 (MTD, Exh. A (National Journal Registry Information)); 21-3 (MTD, Exh. B (Gravity Research Registry Information)). Because Gravity Research is a mere division of National Journal Group and is not itself incorporated — as is made pellucid by the records generated from D.C.'s public corporate registry, see National Journal Registry Information; Gravity Research Registry Information — it lacks capacity to be sued as a matter of law. See, e.g., Smartdoor, 78 F. Supp. 3d at 277.

Plaintiff responds by speculating that Gravity Research exists as a separate legal entity, notwithstanding the lack of official public records. See Opp. at 9–13. She points to Defendant's public-facing materials — including its website, recruiting materials, LinkedIn profile, email domain, and email signature block — which she argues indicate "independent institutional identity." Id. at 10. The claims and the materials upon which she relies, however, are insufficient to allege that Gravity Research is anything more than an unincorporated division. Although the Circuit has recognized that a partnership, through such materials, may "[hold] itself out to third parties as an entity with an independent institutional identity," it has simultaneously

noted that doing so does not "by any means" create corporate status. In re Sealed Case, 877 F.2d 83, 90–91 (D.C. Cir. 1989). Patton herself concedes this point. See Opp. at 10–11 (acknowledging that such "holding out does not, by itself, create corporate status" while still offering it as "evidence" supporting her position). Plaintiff next contends that while Gravity Research may not be registered in D.C., a lack of registration "does not prove nonexistence in every jurisdiction." Id. at 22. Such allegations, pled without any facts to support the inference that Gravity Research is in fact registered in a different jurisdiction, are the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that are insufficient to plausibly indicate that Defendant is incorporated. Iqbal, 556 U.S. at 678.

Because Gravity Research is merely an unincorporated division of National Journal, it lacks capacity to be sued. As a result, Patton's suit against it must be dismissed. As National Journal has already admitted to being Plaintiff's employer, see ECF No. 4 (Answer), ¶ 44; Compl., ¶ 44, all claims against that Defendant remain.

## IV. Conclusion

For the foregoing reasons, the Court will grant Gravity Research's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: October 1, 2026